**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SAQUAN JACKSON,**

       **Petitioner,**

**v.**                                          **Civil Action No.: 3:20-CV-200
(GROH)**

**PAUL ADAMS,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On October 20, 2020, Saquan Jackson, an inmate at Hazelton FCI, acting pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is challenging the validity of his § 922(g)(1) conviction and sentence from the Eastern District of New York where he entered a guilty plea to being a felon in possession of a firearm. Petitioner was sentenced to 110 months of imprisonment. ECF No. 36.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice for lack of jurisdiction.

---

[1] All CM/ECF references designated "ECF No. 1" and "ECF No. 18" refer to the instant civil action, 3:20-CV-200 in the Northern District of West Virginia. All other CM-ECF references refer to Criminal Action No. 1:17-cr-113, in the Eastern District of New York. See generally Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record").

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence in the Eastern District of New York

On March 2, 2017, a grand jury in the Eastern District of New York charged Petitioner in a single count indictment with felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), in case number 1:17-CR-113. ECF No. 9. Petitioner pled guilty to the felon in possession charge on August 22, 2017 and was sentenced on January 17, 2018, to 110 months of incarceration. ECF Nos. 28, 36.

Petitioner had a number of prior felony convictions that led to his felon in possession charge including a 2007 conviction for Attempted Criminal Possession of a Controlled Substance in the 3rd degree, and a 2011 conviction for Attempted Criminal Possession of a Weapon in the 3rd degree, both of which are crimes punishable by a term of imprisonment exceeding one year. See Presentence Investigation Report at 3. During his plea colloquy, Petitioner admitted to being previously convicted of multiple felonies prior to the date he illegally possessed a firearm. ECF No. 46.

### B. Direct Appeal

Petitioner did not file a direct appeal.

### C. Motion to Vacate

Petitioner did not file a motion to vacate under 28 U.S.C. § 2255.

### D. Claims in the Instant § 2241 Petition

Petitioner instituted this action on October 20, 2020. ECF No. 1. In his § 2241 petition, Petitioner claims that he is entitled to relief under the ruling in Rehaif v. United States, 139 S.Ct. 2191 (2019) and the subsequent ruling in United States v. Gary, 954

2

F.3d 194 (4th Cir. 2020).[2] ECF No. 1 at 10. Petitioner claims that his guilty plea is constitutionally invalid in light of the "Rehaif structural error." ECF No. 1 at 5. Specifically, Petitioner asserts that the court committed structural error when it failed to provide him with notice of an element of the offense—that he knowingly possessed a firearm while knowingly being a person prohibited from possession of a firearm—and this failure rendered his plea and conviction invalid. ECF No. 1 at 10.

As to the relief requested from this Court, Petitioner asks that the Court vacate his § 922(g) conviction and set aside his sentence. ECF No. 1 at 8. In support of his request, Petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention because Rehaif was not decided until after his conviction. ECF No. 1 at 9.

Petitioner later filed a supplement to his petition on August 11, 2021, adding that in addition to the defective plea, the indictment was also insufficient under Rehaif by failing to charge the knowledge element regarding his prohibited status. ECF No. 18.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b), Rules

---

[2] The Supreme Court in Greer v. United States, 141 S.Ct. 2090 (2021) (vacating and remanding United States v. Gary, 954 F.3d 194 (4th Cir. 2020)), held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error.

3

Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.      Pro Se Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

## IV. ANALYSIS

Petitioner asserts one ground for relief: that his conviction is invalid based on the holding of Rehaif v. United States, 139 S.Ct. 2191 (2019).

### A. Petitioner's Challenge to his Conviction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a. The date on which the judgment of conviction becomes final;

to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n.5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) for the court to have subject-matter

---

b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).
[5] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id. Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner asserts that his conviction is invalid because of the Supreme Court's holding of Rehaif, which required the Government to prove both (1) that defendant knowingly possessed a firearm, and (2) that the defendant knew he was prohibited from possessing a firearm. Because Petitioner's direct appeal rights have expired, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying

7

on the § 2255(e) savings clause.

Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first § 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.[6] The crime Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under Jones, his challenge to his conviction may not be

---

[6] The Supreme Court in Greer, 141 S.Ct. 2090 (vacating and remanding Gary, 954 F.3d 194), held that the government's failure to prove the element of knowingly being a person in a prohibited class is not a structural error. The Court explained that it "has repeatedly made clear [that] the 'general rule' is that 'a constitutional error does not automatically require reversal of a conviction," and that "[o]nly in a 'very limited class of cases' has the Court concluded that an error is structural, and 'thus subject to automatic reversal' on appeal." Id. at 2099 (internal citations omitted). Further, the Court noted that its "precedents make clear, the omission of a single element from jury instructions is not structural. . . . And it follows that a *Rehaif* error in a plea colloquy is likewise not structural. The omission of that *mens rea* element from a plea colloquy—like the omission of that *mens rea* element from jury instructions—does not affect the entire framework within which the proceeding occurs." Id. at 2100.
The Court found Gary, who was convicted of being a felon in possession of a firearm based upon his plea to that offense, "admitted that he was a felon when he pled guilty." Id. at 2098. Further, the Court noted that before his felon in possession offense, Gary "had been convicted of multiple felonies. Those prior convictions are substantial evidence that [he] knew [he was a] felon" and that he never disputed the fact of his prior convictions. Id. at 2097 – 98. Petitioner appears almost identically situated to Gary: Petitioner had multiple prior felony convictions, did not dispute those prior convictions and at his plea hearing admitted to being previously convicted of felony offenses. ECF No. 46.

considered under § 2241, and this Court is without jurisdiction to consider that challenge.

Further, even if Petitioner could meet all three prongs of the Jones test, his claims do not merit relief. Petitioner argues that in the wake of the Supreme Court's decision in Rehaif, his conviction is constitutionally invalid. ECF No. 1 at 5. Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons …. A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to ten years." Rehaif, 139 S. Ct. at 2194; see also 18 U.S.C. § 922(g). In Rehaif, the Supreme Court held that "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S.Ct. at 2194. Petitioner argues that Rehaif renders his conviction invalid because the Government did not prove that he knowingly possessed a firearm and knowingly was prohibited from doing so. ECF No. 14 at 5.

However, Petitioner pled guilty to violating 18 U.S.C. § 922(g). Petitioner had multiple prior felony convictions and made no objections to them at or before sentencing. During his plea colloquy, Petitioner admitted to being previously convicted of felony offenses and to possessing a firearm thereafter. ECF No. 46. Thus, there is substantial evidence that Petitioner knew he was a felon and aware of his prohibited status. Moreover, the Second Circuit, where Petitioner was convicted, has repeatedly upheld convictions challenged on Rehaif grounds. See, e.g., United States v. Miller, 954 F.3d

551, 558–60 (2d Cir. 2020).⁷ Accordingly, even if this Court were to consider the merits of Petitioner's challenge to his conviction, his claim fails.

### B. Petitioner's Challenge to his Sentence

Petitioner's request for relief as to his sentence under § 2241 is unavailable. Even if Petitioner meets the other prongs of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.

The Court finds that Petitioner cannot satisfy the second Wheeler prong because the case he relies on, Rehaif, has not been ruled to apply retroactively to cases on collateral review. Furthermore, since the Supreme Court's decision in Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal.⁸ See Hill v. Warden, FCI McDowell, 2021 WL 4443068 (S.D. W. Va. Sept. 28, 2021); Davis v. Streeval, 2021 WL 4432514 (W.D. Va. Sept. 27, 2021); Seller v. Dobbs, 2021 WL 4059733 (D.S.C. Sept. 7, 2021); Goldwire v. Warden, 2021 WL 4026072 (D.S.C. Sept. 3, 2021); Albritton v. Warden, 2021 WL 3432845 (E.D. VA. August 4, 2021); see also Williams v. United States, 2019 WL 6499577 (W.D.N.C. Dec. 3, 2019) (holding that Rehaif "did not announce a new rule of Constitutional law but rather clarified the requirements of

---

⁷ In Miller, the Second Circuit held that the district court's failure to instruct the jury that the defendant's knowledge of his prohibited status as a convicted felon was an element of the charged offense was not reversible plain error; furthermore, the Second Circuit went on to note that the defendant's stipulation that he was convicted of a crime punishable by imprisonment for a term exceeding one year and that the defendant's prior conviction resulted in a ten-year sentence removed any doubt that defendant was aware of his felon status. 954 F.3d at 558–60.

⁸ In other words, being a prohibited person in possession of a firearm remains a federal criminal offense under 18 U.S.C. § 922(g).

18 U.S.C. § 922(g)"). Accordingly, Petitioner cannot meet the second prong of the Wheeler test.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition challenging his sentence. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-103 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[ECF No. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  December 1, 2021

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE