IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SAQUAN JACKSON,**

       Petitioner,

v.                                       **CIVIL ACTION NO.: 3:20-CV-200 (GROH)**

**PAUL ADAMS, Warden,**

       Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 20. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No.1 The Petitioner timely filed his objections to the R&R. ECF No. 22. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On October 20, 2020, the Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, listing one ground for relief.  ECF No. 1. Therein, the Petitioner asserts that his conviction is invalid due to the holding of Rehaif v. United States, 139 S.Ct. 2191 (2019). Id. at 5. The Petitioner argues that his plea is "constitutionally invalid." Id. Upon reviewing the record, the Court finds that the background and facts as explained in the

R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. Further, the Petitioner did not object to these portions of the R&R. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-

2

recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. Although the Petitioner titled his filing "Letter to Honorable Judge Objecting to

3

Report and Recommendation from Robert W. Trumble Magistrate Judge," the Court finds that the entire argument presented in the letter focuses on the Petitioner's request for appointed counsel. ECF No. 22 at 1. The Petitioner does not identify any factual finding or legal holding in Magistrate Judge Trumble's R&R that he objects to. Indeed, the Petitioner's argument does not cite to or even refer to any part of the R&R.

Therefore, the Court finds that de novo review is not required because the Petitioner's objections offer no new legal arguments, and the Petitioner's factual presentation was properly considered by the Magistrate Judge in his R&R. See Taylor, 32 F. Supp. 3d at 260-61. Furthermore, given that the Petitioner's filing is a motion to appoint counsel mistitled as objections, the Court finds it is not required to expand on its reasoning for adopting the R&R. See Camby, 718 F.2d at 200.

Upon review of the Petitioner's request for counsel, the Court finds no good cause to appoint counsel in this matter. First, no constitutional right to appointed counsel in post-conviction proceedings exists. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Further, the authority to appoint counsel in § 2241 actions rests with the discretion of the Court. A court may appoint counsel to represent a financially eligible person seeking relief under § 2241 if justice so requires. 18 U.S.C. §3006A(2). A court must appoint counsel to represent a petitioner who qualifies for the appointment of counsel in two circumstances: (1) "If necessary for effective discovery," or (2) if an evidentiary hearing is required. 18 U.S.C. §3006A.

To date, there has been no determination that this matter will require either discovery or an evidentiary hearing, and the Petitioner has not established any other circumstances that demonstrate the need for appointment of counsel. Accordingly, to the

extent that the Petitioner moves for appointed counsel in his objections, his motion is **DENIED**.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 20] should be, and is, hereby **ORDERED ADOPTED**. Thus, this Court **ORDERS** that the Petitioner's Habeas Petition [ECF No. 1] be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

The Court **FURTHER ORDERS** that the above-styled civil action be **STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** August 4, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE